### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., | ) )  ) |
| Plaintiffs, | )  ) |
| vs. | )  ) |
| LEIF BJELLAND and TRANSCEND TODAY, INC., | )  )  )  ) |
| Defendants. | )  ) |

No. _____

**COMPLAINT**
*JURY DEMANDED*

Plaintiff Maharishi Foundation USA, Inc., for its Complaint against Defendants Leif Bjelland and Transcend Today, Inc., states:

### PARTIES

1. Plaintiff Maharishi Foundation USA, Inc. ("the Foundation") is a Massachusetts non-profit corporation with its principal place of business in Fairfield, IA.

2. Upon information and belief, Defendant Leif Bjelland is a resident of Missoula, Montana.

3. Upon information and belief, Defendant Transcend Today, Inc. ("Transcend Today") is a Montana domestic general for profit corporation with its principal place of business in Missoula, Montana.

### JURISDICTION AND VENUE

4. This case concerns Defendants' infringement of the Foundation's trademarks and Defendants' unjust enrichment.

1

5. This Court has subject matter jurisdiction over the Foundation's federal Lanham Act claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

6. The Court has supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. §1367(a), because the claims are so related to the Foundation's federal claims that they arise out of the same case or controversy.

7. The Court also has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a). The parties are diverse and the amount in controversy exceeds the jurisdictional requirement.

8. The Court has personal jurisdiction over Defendant Leif Bjelland because Bjelland has sufficient minimum contacts with and conducts business within the state of Iowa; namely, Bjelland caused infringing products and/or services to be sold in Iowa; the causes of action asserted in the Foundation's complaint arise out of Bjelland's contacts with Iowa; and Bjelland has caused tortious injury to the Foundation in Iowa.

9. Upon information and belief, the Court has personal jurisdiction over Defendant Transcend Today, because Transcend Today markets and sells its products and services using the marks that are the subject of this lawsuit throughout the United States, including in Iowa; namely, Transcend Today advertises on its website that it operates "live at your home over zoom" and "over zoom within the spaces you feel most comfortable"; Transcend Today has caused infringing products to be sold in Iowa; the causes of action asserted in the Foundation's complaint arise out of Transcend Today's contacts with Iowa; and Transcend Today has caused tortious injury to the Foundation in Iowa.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with and, upon information and belief, conduct business within the State of

Iowa and this judicial district; Defendants have caused infringing products to be sold in this judicial district; the causes of action asserted in the Foundation's Complaint arise out of Defendants' contacts with this judicial district; and Defendants have caused tortious injury to the Foundation in this judicial district.

## FACTUAL ALLEGATIONS

11. The Foundation and its predecessors have been providing instruction in the Transcendental Meditation program for more than 50 years.

12. The Transcendental Meditation® and/or TM® program is a proprietary form of meditation instruction taught only by the Foundation and licensees of the Transcendental Meditation® and/or TM® trademark.

13. The Foundation is the licensee with the exclusive right to enforce the Transcendental Meditation® trademark (which is registered with the United States Patent and Trademark Office under Reg. No. 1,082,923), and the TM® trademark (which is registered with the United States Patent and Trademark Office under Reg. No. 1,015,556). ***See Attached Exhibits 1 and 2 (U.S. Reg. Nos. 1082923 and 6188638 status pages, respectively).***

14. Transcendental Meditation (Reg. No. 1082923) is federally registered in connection with the following services:

> EDUCATIONAL SERVICES – NAMELY, CONDUCTING COURSES AND SEMINARS ON PERSONAL DEVELOPMENT (Class 041).

Ex. 1.

15. This registration is valid and subsisting on the Principal Register as evidenced by the current status page. *See* Ex. 1.

16. Transcendental Meditation (Reg. No. 6188638) is federally registered in connection with the following services:

> Providing entertainment information in the field of personal development accessible online (Class 041); and

> Providing information in the field of personal development, namely, personal improvement accessible online; Providing information about personal development, namely, personal improvement services through websites and social media platforms; Providing educational information in the field of personal development accessible online (Class 045)

Ex. 2.

17.  The registration is valid and subsisting on the Principal Register as evidenced by the current status page. *See* Ex. 2.

18.  The Transcendental Meditation® and TM® trademarks have been used continuously in commerce by the Foundation or its predecessors in interest since at least 1965 and 1966, respectively, to provide educational services related to teaching a form of meditation. The marks have been registered since on or before 1978.

19.  The Foundation has invested substantial time, effort, and resources to develop, promote, and market its Transcendental Meditation® and TM® programs.

20.  The Foundation has extensively advertised and promoted the Transcendental Meditation® and TM® program. The advertising takes many forms, including through its website at [www.tm.org](www.tm.org), on social media, through non-paid celebrity endorsements, and partnering with scientists to publish scientific research on the efficacy of the Transcendental Meditation® and TM® program.

21.  As a result of this advertising and promotion, the Transcendental Meditation® and/or TM® program has become well-known and widely accepted and respected by the consuming public.

22.  The Transcendental Meditation® and/or TM® program is the most widely known and recognized meditation program.

**Defendant Leif Bjelland**

23. Defendant Leif Bjelland was a student in the Transcendental Meditation® program beginning no later than February of 2020.

24. Defendant Leif Bjelland attended Transcendental Meditation® trainings and workshops.

25. As a student of the Transcendental Meditation® program, Bjelland completed a form in which he agreed to the following:

> I agree that all instruction in the Transcendental Meditation technique is for my own personal use, and in order to ensure the effectiveness of the teaching, I agree that I will not directly or indirectly impart or disclose to anyone the mantra I receive or its instructed use. I further agree that I will not disclose, publish, or in any way attempt to instruct or impart the Transcendental Meditation technique until such time as I have received the training, as structured by Maharishi Mahesh Yogi, that is necessary to become a certified teach of the Transcendental Meditation program.

***See Attached, Exhibit 3*** (Leif Bjelland's TM Agreement Form).

26. Bjelland traveled to Fairfield, Iowa to take advanced Transcendental Meditation® and/or TM® courses on or about September 7–14, 2024, which included group meditation and Maharishi Yoga$^{SM}$ Asanas.

**Defendant Transcend Today, Inc.**

27. Articles of Incorporation for Transcend Today, Inc. were filed with the Montana Secretary of State on November 12, 2021. ***See Attached, Exhibit 4*** (Montana Secretary of State Filing and Correspondence). Bjelland is Transcend Today's registered agent. *Id.*

28. Bjelland applied to the United States Patent and Trademark Office ("USPTO") for registration of the mark "TRANSCEND TODAY" on or about November 24, 2021, and the mark was registered in the Principal Register on July 11, 2023. ***See Attached, Exhibit 5***, US Registration Number 7109121.

29. The "Transcend Today" mark is registered for the following goods and services:

> IC 025; G&S: Hoodies, t-shirts, long sleeve shirts, sweat shirts, sleep masks, yoga tops, athletic tops, baseball caps, beach hats and beanie hats
>
> IC 041; G&S: Providing in person and on-line training courses and classes in the field of meditation and breathwork.

*Id.*

30. Transcend Today provides single or multi-session workshops in "heroic breathwork," which it alleges calms the nervous system, reduces anxiety, enhances self awareness, supports emotional release, and "connect[s] you with the version of you that's been waiting beneath the noise." https://www.transcendtoday.com/home#faqs.

31. On or about August 8, 2025, counsel for the Foundation informed Bjelland about the infringing "Transcend Today" mark. The Foundation filed a Petition to Cancel the "Transcend Today" mark contemporaneously.

32. Bjelland initially communicated his intent to cancel the "Transcend Today" mark to the Foundation, but he subsequently changed course and decided to resist the Foundation's Petition to Cancel.

**COUNT I: TRADEMARK INFRINGEMENT
LANHAM ACT SECTION 32 (15 U.S.C. § 1114)**

33. The Foundation incorporates by reference paragraphs 1-32 of this Complaint as if set forth in full here.

34. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

35. "TRANSCENDENTAL" and "TM" are federally registered trademarks and are entitled to protection under Section 32 of the Lanham Action. This registration is conclusive evidence of the owner's right to use the marks. The registration is incontestable, which provides conclusive evidence of their validity, the owner's ownership of the marks, the marks' secondary

meanings, and the exclusive right to use the marks in commerce in connection with the services specified in the registration.

36. The Foundation is the licensee with the exclusive right to enforce the "TRANSCENDENTAL MEDITATION" and "TM" trademarks.

37. The "Transcendental Meditation" and "TM" trademarks have been continuously and substantially exclusively used by the Foundation, its licensees and affiliates, and its predecessors in interest in commerce for business, financial, and insurance services since 1966.

38. The "Transcendental Meditation" word mark has acquired distinctiveness under 15 U.S.C. § 1052.

39. The "TM" word mark identified in paragraphs 11–22 is fanciful, arbitrary, or suggestive.

40. Defendants have used and continue to use the Transcendental Meditation and TM marks to promote their own services.

41. Defendants' "Transcend Today" mark(s) is confusingly similar to the Foundation's word mark and trademarked designs.

42. Defendants' "Transcend Today" mark is similar to the Foundation's word mark in sight, sound, and meaning.

43. Defendants' "Transcend Today" mark is used to promote services that are similar to the self-improvement, health, and personal development services for which the Foundation uses its word marks.

44. Defendants were aware of the Foundation's use of its trademarks prior to Defendants' use of the "Transcend Today" mark.

45. Given the prominence of the Foundation's use of its trademarks throughout the United States, Defendants had to have been aware of the Foundation's use of its trademarks prior to Defendant's use of their "Transcend Today" mark and its design.

46. Upon information and belief, Defendants purposefully copied the Foundation's word mark with the intent of trading off and profiting from the Foundation's goodwill and reputation.

47. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' services and/or to injure the Foundation.

48. The Foundation informed Defendants of Defendants' infringing use of the Foundations' trademarks on or about August 8, 2025.

49. Defendants' actions are intentional, willful, and/or in reckless disregard of the Foundation's rights in the "Transcendental Meditation" and/or "TM" marks.

50. The Foundation has been economically and/or financially damaged as a direct and proximate result of Defendants' wrongful use of its marks and/or by Defendants' use of a colorable imitation of the Foundation's marks.

51. The aforesaid acts of the Defendant have and will continue to greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT II: TRADEMARK INFRINGEMENT
## LANHAM ACT SECTION 43(A) (15 U.S.C. § 1125(a))

52. The Foundation incorporates by reference paragraphs 1–51 of this Complaint as if set forth in full here.

53. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

54. The Foundation's "Transcendental Meditation" and "TM" federally registered trademarks and are entitled to protection under Sections 32 of the Lanham Act. These registrations are conclusive evidence of the owner's right to use the marks. The registrations are incontestable, which provides conclusive evidence of their validity, the owner's ownership of the marks, and the exclusive right to use the marks in commerce in connection with the services specified in the registration.

55. Defendants use of the "Transcend Today" mark to promote its services without the Foundation's permission and against the Foundation's express denial of permission.

56. Upon information and belief, Defendants' use of the name and mark identified in paragraph 30 has caused actual confusion and/or is likely to cause confusion for the Foundation's customers.

57. Given the similarity between the Foundation's trademarks and Defendants' "Transcend Today" mark, and the similarity of the services offered by Defendants and the Foundation, Defendants' use has caused, and is likely to cause, confusion as to the affiliation, connection, or association between the Foundation and Defendants.

58. Defendants were aware of the Foundation's use of its trademarks prior to Defendants' use of the mark and colorable imitations of the Foundation's trademarks.

59. Defendants continue to use their "Transcend Today" mark in commerce despite notice from the Foundation.

60. Defendants' continued use of their "Transcend Today" mark has, or likely will, result in misleading customers into believing that Defendants' products and services are approved or endorsed by the Foundation.

61. Defendants' actions are intentional, willful, and/or in reckless disregard of the Foundation's rights in its "Transcendental Meditation" and "TM" marks.

62. The Foundation has been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of Plaintiffs' marks.

63. The aforesaid acts of the Defendants have and will continue to greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

### COUNT III: MARK DILUTION
### LANHAM ACT SECTION 43(C) (15 U.S.C. § 1125(c))

64. The Foundation incorporates by reference paragraphs 1–63 of this Complaint as if set forth in full here.

65. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

66. "Transcendental Meditation" and "TM" are federally registered marks owned and exclusively licensed by the Foundation.

67. The "Transcendental Meditation" and "TM" marks are strong and highly distinctive marks.

68. The "Transcendental Meditation" and "TM" marks are famous.

69. The "Transcendental Meditation" and "TM" marks have been famous for many years before Defendants started their unauthorized use of the marks or a colorable imitation of the marks.

70. Defendants use the "Transcend Today" mark in commerce to promote and advertise their services.

71. Defendants' "Transcend Today" mark is confusingly similar to the Foundation's "Transcendental Meditation" and "TM" marks.

72. Defendants compete with the Foundation in the field of meditation for self-improvement, wellness, and personal development.

73. Defendants' use of the "Transcend Today" mark has created an association between the Foundation's services and Defendants' services in the minds of consumers.

74. Defendants' use of the "Transcend Today" mark has or is likely to impair the distinctiveness of the Foundation's marks.

75. Defendants' actions are intentional, willful, and/or in reckless disregard of the Foundation's rights in its "Transcendental Meditation" and "TM" marks.

76. The Foundation has been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of the Foundation's marks.

77. The aforesaid acts of the Defendants have and will continue to greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT IV: TRADEMARK INFRINGEMENT
## UNDER IOWA STATE LAW

78. The Foundation incorporates by reference paragraphs 1–77 of this Complaint as set forth in full here.

79. This claim arises under Iowa Code § 548.112.

80. The Defendants are using a colorable imitation of the Foundation's marks.

81. On the basis of the foregoing paragraphs, the Defendants' acts constitute mark infringement.

82. The Foundation has been damaged by Defendants' wrongful use of its marks and by Defendants' use of a colorable imitation of the Foundation's marks.

83. The aforesaid acts of the Defendants have and will continue to greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

### COUNT V: TRADEMARK DILUTION
### IOWA CODE § 548.113

84. The Foundation incorporates by reference Paragraphs 1–83 of this Complaint as set forth in full here.

85. Under Iowa Code § 548.113, the "owner of a mark which is famous in this state shall be entitled, subject to the principles of equity, to an injunction against another's use of a mark, commencing after the owner's mark becomes famous, which causes dilution of the distinctive quality of the owner's mark, and to obtain such other relief as is provided in this section." Iowa Code § 548.113(1).

86. Based on the inherent and/or acquired distinctiveness of the Foundation's Transcendental Meditation® and TM® marks; the duration and extent of advertising and publicity of the marks in the State of Iowa; the geographic area in which the Foundation has sold and advertised its goods and services featuring the marks; the nature of the trade channels the Foundation uses to market goods and services featuring the marks compared to the channels through which Defendants sell their services; the degree of recognition of the Foundation's marks in its and the other's trading areas and channels of trade in Iowa; and the lack of third party use of the Foundation's marks in the State of Iowa; the Foundation's Transcendental Meditation® and TM® marks have become famous and distinctive throughout the State of Iowa and the Foundation has built up valuable goodwill in these marks.

87. The Transcendental Meditation® and TM® marks acquired distinctiveness prior to Defendants' first use of the Transcend Today mark.

88. Defendants have used and continue to use Transcend Today in the State of Iowa to advertise, promote, and sell their services.

89. Defendants' use of the Transcend Today mark in the State of Iowa has caused actual harm and is likely to cause future harm to the Foundation by causing injury to the Foundation's business reputation and/or weakening the unique and distinctive significance and quality of the Foundation's Transcendental Meditation® and TM® marks to identify the Foundation's services.

90. Defendants have violated Iowa Code § 548.113.

91. Defendants' acts have caused irreparable injury and damage to the Foundation, and unless restrained, will continue to do so.

92. The Foundation has no adequate remedy at law.

## COUNT VI: UNFAIR COMPETITION UNDER IOWA STATE COMMON LAW

93. The Foundation incorporates by reference Paragraphs 1–92 of this Complaint as set forth in full here.

94. The Foundation has a protectible trademark right in the words "Transcendental Meditation" and/or "TM" as used in connection with self-improvement, personal development, and wellness services.

95. The Foundation has a right to compete in the relevant market by fair and honest business methods.

96. Defendants have engaged in ongoing acts of infringement of the Foundation's rights in use of "Transcendental Meditation" and/or "TM" in connection with self-improvement, personal development, and wellness services, in derogation of the Foundation's common law and statutory rights.

97. Defendants have and continue their infringing acts with knowledge of the Foundation's trademark covering "Transcendental Meditation" and/or "TM" in connection with self-improvement, personal development, and wellness services.

98. Defendants' acts of infringement occurred during the conduct of trade or commerce.

99. Defendants' acts of infringement constitute unfair competition.

100. As a direct and proximate result of Defendant's acts of infringement, the Foundation has been damaged, and is likely to be further damaged, specifically through the loss of competitive advantage in the market and revenue associated with sales regarding or participation in its Transcendental Meditation® and/or TM® programs.

101. Defendants have received and will receive in the future ill-gotten revenues and profits from the unauthorized sale of "Transcend Today" services which infringe on the Foundation's mark.

102. Upon information and belief, the actions of Defendants are willful and wanton and in reckless disregard of the Foundation's rights entitling the Foundation to punitive damages.

103. The Defendants, if not enjoined, will continue their infringing conduct.

## COUNT VII: UNJUST ENRICHMENT UNDER IOWA STATE LAW

104. The Foundation incorporates by reference Paragraphs 1–103 of this Complaint as set forth in full here.

105. Defendant Leif Bjelland was enriched by the receipt of a benefit when he participated in the Foundation's programming in Fairfield, Iowa where he was trained in Transcendental Meditation® and/or TM®.

106. Defendant Bjelland thereafter used that knowledge and training to start a competing business, in express disregard for the Foundation's reservation of all rights in its trademark(s) and without any permission to use the training he received for commercial purposes.

107. Defendant Bjelland has benefitted directly (from the Foundation) and indirectly (from third parties) from his use of the Foundation's training, training materials, and Transcendental Meditation® teachings and processes.

108. Defendant Bjelland's benefits include monetary payments from third parties who have wrongfully associated Transcend Today with the Foundation's well-established Transcendental Meditation®.

109. Here, it is unjust to allow Bjelland to retain the benefit of his misuse of the Foundation's training, training materials, and trademarked Transcendental Meditation® teachings and processes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maharishi Foundation USA, Inc. respectfully request that this Court grant judgment against Defendants Transcend Today, Inc. and Leif Bjelland on all claims by Entry of an Order of this Court, providing as follows:

    a. Defendants' "Transcend Today" mark be cancelled pursuant to, *inter alia*, 15 U.S.C. § 1119;

    b. Defendants, its servants, agents, officers, directors, and employees, and all other persons in active concert or participation with it, or any of its successors and assigns, be preliminarily and permanently enjoined as follows:

        1. To cease and desist from using the "Transcend Today" mark, or any colorful imitation thereof;

       2. From using, in the advertisement, promotion, offering for sale, or sale of any services or the promotion of the Defendant's business, the "Transcend Today" mark, or any other colorable imitation thereof;

   c. Defendants be required to account for and pay over to the Foundation all damages suffered by the Foundation and all profits wrongfully derived by the Defendants as a result of its knowing mark infringement, trademark infringement, and mark dilution.

   d. Defendants be required to pay over to the Foundation three times the actual damages sustained by Plaintiffs, together with the reasonable attorneys' fees and costs incurred by Plaintiffs in the prosecution of this action under 15 U.S.C. § 1117;

   e. Defendants be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in their possession or control containing the "Transcend Today" mark, and any colorable imitation of the "Transcend Today" mark;

   f. Defendants be ordered to remove from its website and all digital media and advertising all references to or uses of the "Transcend Today" mark, and any colorable imitation of the "Transcend Today" mark;

   g. Such other and further relief in law and in equity as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Maharishi Foundation USA, Inc. hereby demands trial by jury of all issues so triable.

      */s/ Molly M. Parker*
JASON SYTSMA
MOLLY M. PARKER
      for
SHUTTLEWORTH & INGERSOLL, P.L.C.
235 6th Street SE
P. O. Box 2107
Cedar Rapids, Iowa  52406-2107
 (319) 365-9461 Phone
 (319) 365-8564 Fax
jrs@shuttleworthlaw.com
mmp@shuttleworthlaw.com

***Attorneys for Maharishi Foundation USA, Inc.***